IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEVAN ASATIANI,

    Petitioner,

v.                                      No. 1:26-cv-00975-KG-SCY

MARKWAYNE MULLIN, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Levan Asatiani's pro se Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Motion to Dismiss, Doc. 6. For the reasons below, the Court denies the petition.

### I.    *Background*

Petitioner is a 29-year-old native and citizen of Georgia who lawfully entered the United States as a temporary Exchange Visitor on February 27, 2023. Doc. 6 at 2. He failed to depart the United States after his temporary status expired in December 2023. *Id.* Immigration and Customs Enforcement ("ICE") arrested him on February 6, 2026. *Id.* Petitioner remains detained at the Otero County Processing Center in New Mexico. *Id.* He received a bond hearing on March 27, 2026. *Id.* The Immigration judge ("IJ") denied Petitioner bond because he did not "meet his burden of showing that he is not a danger to the community." Doc. 6-3 at 1.

Petitioner challenges his detention and bond denial, arguing that he has not received "a meaningful individualized determination justifying his confinement." Doc. 1 at 7. In its motion to dismiss, the Government argues that because "Petitioner requested and received a bond hearing" his rights are satisfied under 8 U.S.C. § 1226. Doc. 6 at 5.

1

## II.    *Analysis*

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Relevant here, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention."  *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

The Court declines to grant relief because Petitioner received a bond hearing on March 27, 2026.  *See* Doc. 6-3.  At that hearing, the IJ considered the record and found that Petitioner failed to carry his burden of showing he is not a danger to the community.  *Id.* at 1.  That is all § 1226 requires.  To the extent Petitioner challenges the IJ's discretionary denial of bond, that challenge is properly directed to the Board of Immigration Appeals.

## III.    *Conclusion*

The Court denies the Petition, Doc. 1, and grants the Government's Motion to Dismiss, Doc. 6.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.